JOHN F. PAINE *vs.* IDA J. PAINE.

MAY 26, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Divorce. New Trial.*

Within seven days after decision granting a petition for divorce a respondent can file a motion for new trial on the ground of newly discovered evidence, but on no other ground.

*(2) Divorce. Reinstating Case. Review.*

After the expiration of seven days after notice of decision on the merits and before the entry of final decree, motions to reinstate petitions for divorce are addressed to the discretion of the Superior Court, and unless the court clearly abuses its discretion in granting or denying such motions its action will not be reviewed.

*(3) Divorce. Review.*

Where on a petition for divorce, respondent appeared and defended, and the question of jurisdiction was a question of fact, determined by the court in favor of the petitioner, and respondent took no steps to review such decision within the statutory period, and where the justice who heard the case has also heard the respondents motion subsequently filed to vacate the decision on the ground of want of jurisdiction over the parties, and has denied the motion, the court finds no abuse of discretion in such action and his decision will not be reviewed.

DIVORCE. Heard on exception of respondent and over-ruled.

RATHBUN, J. The original action was a petition for divorce. The record shows that on October 4, 1919, after hearing in the Superior Court on the merits a decision was rendered granting the petition for divorce. No motion for a new trial was made within seven days thereafter and no action was taken in the case until March 25, 1920, when the following motion was filed: "I hereby enter my appearance for the respondent and move that decision for petititoner heretofore granted on Oct. 4th, 1919, be vacated and that the petition be reinstated. By her attorney, William R. Champlin." On April 5, 1920, the respondent filed another motion as follows: "Now within six months after decision for the petitioner in the above entitled cause comes the respondent, Ida J. Paine, and, supplementing her motion heretofore filed on March 25th, 1920, wherein she moved that said decision be vacated and said petition be reinstated, petitions this Honorable Court to set aside said decision heretofore rendered for said petitioner and reinstate the cause, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may direct by general rule or special order, and as grounds

therefor says: . . ." The latter motion assigns as grounds therefor the grounds usually alleged in a motion for a new trial including newly discovered evidence; also that the respondent's illness at the time of the trial prevented her making a full defence to said petition and that the court was without jurisdiction for the reason that neither of the parties was a resident of this State. The cause is before this court on respondent's exception to the decision of said justice denying the above motions.

The respondent by said motions asks (1) that the decision be vacated and the petition reinstated; (2) that the decision be vacated on the ground that the court did not have jurisdiction of the parties. The respondent in asking to have the petition reinstated evidently is seeking to obtain either a rehearing or a further hearing of the petition on its merits.

(1) Within seven days after decision granting the petition for divorce the respondent could have filed a motion for a new trial on the ground of newly discovered evidence but on no other ground. G. L. 1909, Chap. 298, § 13. On the denial of such a motion a bill of exceptions can be prosecuted to this court. Section 17 of said chapter. But after the expiration of seven days after notice of decision on the merits (and before entry of final decree) motions to reinstate petitions for divorce are addressed to the discretion of the Superior Court and unless the court clearly abuses its discretion the action of said court in granting or denying such motions will not be reviewed by this court. *Thrift* v. (2) *Thrift,* 30 R. I. 456; *Mahoney* v. *Mahoney,* 30 R. I. 458.

We will now consider that phase of the respondent's motion which appears to be a motion to vacate the decision on the ground that the court did not have jurisdiction of the parties for the reason, as the respondent contends, that the petitioner had not "been a domiciled inhabitant of this state" who had resided therein for the period of two years next before the preferring of such petition," as required by Sec. 10, Chap. 247, G. L. 1909. The respondent is now

asking not for a rehearing or a further hearing but suggesting that the petition should be denied and dismissed.

(3) The respondent was present at the trial and the question of residence was an issue that was strenuously contended. The court, after considering all of the evidence, decided as a question of fact that the petitioner's residence was in this State at the time the petition was preferred and had been for a time sufficient to give the court jurisdiction.

The respondent relies on *Johnston* v. *Johnston,* 37 R. I. 362, wherein this court, at p. 370, said: "where a final decree of divorce has been procured by means of fraud practiced by the petitioner, in which the respondent has not participated, and where the court has been induced by that fraud to take jurisdiction of a case of which it in fact had no jurisdiction, the decree will be vacated, even after the lapse of years." The fraud referred to was not fraud in producing false testimony as to residence as is here suggested. The respondent in *Johnston* v. *Johnston, supra,* was not present at the trial. After entry of final decree he filed a petition alleging that he was not served with notice of the original citation which notice purported to have been served by a disinterested person. A petition to vacate has been entertained in other cases where it was alleged that the respondent did not receive notice and that service was made on some person fraudulently impersonating the respondent (*Locke v. Locke,* 18 R. I. 716), or that the petitioner made a false affidavit to the effect that the petitioner had no knowledge as to the respondent's whereabouts thereby causing the court to order service by publication. *De Souza* v. *De Souza,* 92 Atl. 983; *Elmgren* v. *Elmgren,* 25 R. I. 177.

The respondent was duly served with notice of the petition for divorce. She appeared and defended the petition. She denied the Court's jurisdiction at the time of trial. Jurisdiction was a question of fact. The court had jurisdiction to determine the questions of fact upon which the question of jurisdiction depended and after a full hearing upon the question the court decided that the petitioner was

a domiciled inhabitant of this State and had been for the length of time required to give the court jurisdiction. The respondent took no steps to have the decision reviewed within the time prescribed by statute. The justice who granted the petition heard the respondent's motions and after considering her affidavits found no reason for disturbing his decision that the court had jurisdiction and that the petitioner was entitled to a divorce. Said justice did not abuse his discretion in denying the respondent's motions.

The respondent's exception is overruled and the case is remitted to the Superior Court for the entry of a decree for the petitioner upon its decision rendered on October 4, 1919.

*Walling & Walling,* for petitioner.

*William R. Champlin,* for respondent.