## ROSE BERGER *vs.* SAMUEL BERGER.

### JUNE 14, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Divorce.  Vacating Final Decree.*

A petition to vacate a final decree in divorce is an independent petition and in effect is a new and original proceeding. Objection to the action of the Superior Court thereon is properly raised by a bill of exceptions.

*(2)  Divorce.  Vacating Final Decree.*

Where a respondent has been guilty of fraud on the court and on the petitioner in having a final decree entered in divorce, and petitioner has taken prompt action to have it set aside and the rights of innocent third parties are not concerned, the right of the Superior Court to vacate the decree is clear.

*(3)  Divorce. Final Decree.*

The resumption of marital relations by the parties after a decision in a divorce petition and before entry of final decree, is a condonation of the offence of the husband and the court could not enter final decree thereafter even by consent of the parties.

PETITION to vacate final decree. Heard on exceptions of respondent and overruled.

STEARNS, · J. The proceeding is by petition brought by Rose Berger to vacate a final decree in divorce which was entered in the Superior Court February 5, 1921. After a

hearing, the petition was granted by a justice of the Superior Court on the ground that the respondent was guilty of fraud in causing the final decree to be entered. To this decision the respondent duly excepted and the cause is before this court on respondent's bill of exceptions.

The petition for divorce was filed by the petitioner, Rose Berger, in the Superior Court November 26, 1918. The grounds alleged therein were extreme cruelty and neglect to provide. On September 5, 1919, after a hearing, decision was given for the petitioner. On September 27, petitioner was permitted to amend the petition for divorce by adding thereto a prayer that she be awarded the custody of a minor child and on the same day the custody of said child was awarded to the petitioner. In the summer of 1920, petitioner and respondent became reconciled. They secured a dwelling house in Providence and there lived together as man and wife until February 11, 1921, when the respondent abandoned petitioner. On February 5th, six days before he left petitioner, the respondent went to the office of an attorney who had first represented the petitioner in the divorce proceedings and told the attorney that he was going away and that he wanted a copy of the final decree in the divorce proceedings. The attorney told him to go to the office of the clerk of the Superior Court and there secure a copy of the decree. Respondent thereupon left the attorney's office and in a short time returned, and informed the attorney that a final decree had never been entered and that the petitioner Rose Berger desired to have a final decree entered. At some stage in the divorce proceedings, Mrs. Berger had secured another attorney to conduct her cause and, at the request of respondent, the attorney first mentioned telephoned to the attorney who had last represented Mrs. Berger and this attorney upon being informed of the alleged request of the petitioner, thereupon on the same day, February 5th, procured the entry of the final decree in divorce. This attorney testified that the petitioner had requested him to have the final decree entered

some time after the decision was made but before the six months had elapsed when final decree was in order for entry (Sec. 19, Chap. 247, Gen. Laws), and that he had the decree entered, as he supposed at the time, in accordance with petitioner's wish. In fact however, the decree was entered without petitioner's knowledge or consent.

It further appears that before petitioner went to live with her husband again, she was assured by him that the divorce proceedings were to be stopped and that there would be no divorce. Upon discovering the facts petitioner on April 2, 1921, began proceedings to vacate the decree.

(1) The petition to vacate a final decree in divorce is an independent petition and in effect is a new and original proceeding. The objection to the decision of the Superior Court thereon is properly raised in this court by a bill of exceptions. *Johnston* v. *Johnston*, 37 R. I. 362.

(2) The final decree in this case was procured by the fraud of the respondent practiced on the court and on the petitioner. The petitioner has acted promptly and without delay and the rights of an innocent third party are not involved. Such being the case the right of the Superior Court to vacate the decree is clear. *State* v. *Watson*, 20 R. I. 354; *Sampson* v. *Sampson*, 223 Mass. 451. The principle involved is so well settled as to make other citation of authority unnecessary. The argument is made that petitioner is not acting from good motives and that as she has obtained all that she asked for in her divorce proceedings she should not now be permitted to change her mind. There is no evidence in regard to the motives of the petitioner. But if petitioner had desired and authorized her attorney to secure entry of the final decree the court could not properly have entered it, as the resumption of marital relations with her husband after the decision and before entry of final decree was a condonation of the offence of the husband. One of the reasons for the delay required by the statute in the entry of a final decree is to give the parties an opportunity for reconciliation. As a reconciliation had been effected in this case, it would be a

fraud upon the court for either party to procure the entry of final decree. The State has an interest in the maintenance of the family relation and the law should and does require good faith in the parties and just cause to warrant the granting of divorce. The respondent was guilty of gross and contemptible fraud. To sustain his contention would be to make the court an instrument in effecting his fraud. The vital consideration is the fraud upon the court. The motive of petitioner in exposing the fraud is not material.

The exception of the respondent is overruled, and the case is remanded to the Superior Court for further proceedings.

*Lee & McCanna, George J. Sheehan, James A. Lee*, for petitioner.

*Robinson & Robinson, David C. Adelman*, for respondent.