HIGANUSH BAJAKIAN *vs.* KALOUST BAJAKIAN.

MARCH 10, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J.   This is a petition for absolute divorce. After hearing in the Superior Court, decision was rendered for the petitioner on April 2, 1935.   On September 13, 1935, the respondent filed what he has entitled a motion in which he "files his objection to the entry of final decree and desires to be heard on the same."   This motion was duly served on counsel for the petitioner and set down for hearing in the Superior Court on October 11, 1935.   On that day, and on October 17, by adjournment, a justice of that court heard the testimony of witnesses and oral arguments of counsel on the matter which the respondent sought to bring before it by his motion.   On the latter day, at the conclusion of the hearing, the trial justice denied the motion, and the respondent duly excepted thereto.

The matter is now before us on the respondent's bill of exceptions, in which he assigns two causes of error on the part of the trial justice as raised by the following exceptions:   (1) To the refusal of the trial justice to admit into evidence testimony concerning the petitioner's conduct prior to the decision on the merits, that is prior to April 2, 1935, and (2) to the refusal of the trial justice to grant the motion of the respondent objecting to the entry of the final decree.

We shall consider these exceptions in the order named, but before doing so, we ought to say at the outset that this proceeding on motion, so-called, appears anomalous to us

and also that it is not the most efficacious way to raise objections to the entry of a final decree of divorce after a hearing and a decision on the merits, at which hearing the respondent appeared and was represented by counsel.

If a proceeding of this nature is open to the respondent in the Superior Court before the entry of final decree, we think a more appropriate method for raising the issue there should be devised by that court than that adopted by the respondent. Whether a motion signed merely by counsel, which sets out nothing but the bald statement that the respondent "files his objection to the entry of final decree and desires to be heard on the same", is sufficient to justify the Superior Court in setting such motion down for hearing and compelling the petitioner to appear is open to serious question.

In the instant case, however, probably because of the novelty of the proceeding and doubt as to what proceeding, if any, was proper, the petitioner did not oppose the hearing on the motion filed by the respondent, and we may therefore consider the points raised in respondent's bill of exceptions.

The exceptions before us are based generally on the respondent's contention that before entry of the final decree the legislature has prescribed a period of six months in which cause may be shown why the petitioner should not be granted a divorce, notwithstanding a prior decision in her favor at the trial on the merits. Such cause he urges may be shown by proof of any misconduct of the petitioner either before or after decision on the merits.

The petitioner contends that such is not the law of this State and that the six months period is a waiting time prescribed by the legislature during which a final opportunity is afforded the parties to effect a reconciliation before the marital tie is absolutely dissolved. In any event, she urges that evidence of misconduct prior to the interlocutory decree cannot possibly be entertained by the Superior Court as the decision on the merits becomes *res*

*adjudicata* after seven days following the rendition thereof, no exceptions thereto having been taken to this court within that period.

This latter contention of the petitioner is directed at the respondent's first exception. The petitioner admits that the point is novel, at least in this State, but argues by analogy with the case of *Thrift* v. *Thrift,* 30 R. I. 357, that her contention of *res adjudicata* is a correct statement of the law.

The respondent on his part presents no authority in support of his exception, but relies upon certain language in an opinion of the New Jersey Court of Chancery, to the effect that, "a defendant who comes forward and says he desires to defend a case for divorce should be given an opportunity to do so at any moment before the chancellor's signature is actually affixed to the final decree." *Grant* v. *Grant,* 84 N. J. Eq. 81, 84. The decision itself, however, is not so broad as the language above quoted, as this was an *ex parte* divorce case. The court was called upon in that case to decide whether or not it would open its decree *nisi* to let in the defendant to make her defense, which she had failed to do at the hearing on the merits. In answering this question in favor of the defendant, the chancellor said: "I think it is the universal practice to open a default in a divorce case, not only when a defence comes out in the evidence, but if, after the evidence is taken, the defendant desires to be heard." The case before us is one where the respondent appeared at the trial on the merits, was represented by counsel, and had ample opportunity to present a defense to the action. We are not disposed therefore to follow what was said in *Grant* v. *Grant, supra,* and we do not think the decision therein has the weight as a precedent in the respondent's favor for which he argues.

We are not unmindful of the fact that we are considering a divorce case and that in such cases this court has said that the State is an interested party. This is true

but it is also true that there must be some time when the seal of finality can be placed upon an adjudication of a controversy in the courts. That time, in a divorce case, has been decided in this State to be the expiration of seven days from the decision on the merits. *Thrift* v. *Thrift,* 30 R. I. 456. The decision on the merits, in the absence of fraud, closes the door to further inquiry into the conduct of the petitioner prior thereto. We see no other conclusion we can reasonably reach, unless we treat the period of six months prior to the entry of final decree as an interval during which the legislature intended that the Superior Court would have control over its decision with power to vacate it for any cause which would have moved the court to deny the petition upon the original hearing on the merits. If such was the intention of the legislature, it has failed to express it; and we do not find it anywhere in the statutes by necessary implication.

In *Thrift* v. *Thrift, supra,* this court found that the six months interval prior to the entry of the final decree afforded a sound basis for holding that a bill of exceptions would lie to the decision of the Superior Court in favor of the petitioner. We held definitely in that case, following *Fidler* v. *Fidler,* 28 R. I. 102, that there could be no appeal from a final decree in divorce, but that a divorce petition was to be treated as a civil action for the purpose of enabling the unsuccessful party thereto, after decision in the Superior Court, to prosecute his bill of exceptions to this court in accordance with the provisions of the statute in that regard. For the reasons above discussed, we are unable to agree with the contention of the respondent that he was entitled to introduce in the proceedings on this motion evidence of the misconduct of the petitioner which may have occurred prior to the decision of the Superior Court on April 2, 1935. Respondent's first exception is therefore overruled.

The respondent's second exception raises a different question. He contends that he is entitled to intervene

any time after decision and prior to the entry of final decree and show cause, if any, why the petitioner should not be granted a final decree because of misconduct during that interval.

The trial justice at one point in the hearing expressed the opinion, without, however, definitely ruling to that effect, that he had understood the six months interval between decision and final decree was merely to afford an opportunity for the parties to become reconciled before the final irrevocable dissolution of the marriage bond. Counsel for petitioner argued somewhat to that effect in the Superior Court and cited to the trial justice certain language of Sweetland, C. J., in *McLaughlin* v. *McLaughlin*, 44 R. I. 429, 434. He did not contend such was the only reason for the continuance of the case for entry of final decree and he has not presented that argument in this court.

Of course, the above-cited case is not authority for such a ruling and it clearly appears from the transcript in the instant case that neither the trial justice nor counsel for the petitioner considered it so. Furthermore, it is apparent from the transcript that petitioner did not object to the respondent going forward and producing any evidence which he had. Indeed, when the court appeared about to take the legal point under advisement, counsel for the petitioner stated: "I think perhaps it would clear the air very much if Mr. Kiernan were permitted to proceed." And a moment later he urged: "I think a better result would be reached if he is permitted to put in his testimony." Thereupon, the trial justice remarked that the court had no objection to hearing the testimony, if the petitioner was willing, and the hearing then proceeded. The respondent was given ample time within which to present such testimony as he was ready to offer and he availed himself fully of the opportunity. He was not prevented from introducing any testimony of the conduct of the petitioner,

except such as related to a time prior to April 2, 1935, the date of the decision on the merits.

At the conclusion of his testimony, the trial justice gave his decision from the bench and stated that, while there remained some doubt in his mind as to whether it was within the province of the Superior Court to hear testimony as to the conduct of the petitioner within the six months period, nevertheless he did not feel it necessary to decide the point, inasmuch as he felt that he could decide the case before him on the facts. After reviewing the evidence produced by the respondent of the alleged misconduct of the petitioner, he observed that while her conduct may have been indiscreet, he could not say that it amounted to gross misbehavior and wickedness, and therefore he denied the respondent's motion.

After a careful perusal of the transcript, we find ourselves in accord with the trial justice on the view that he took of the respondent's evidence. Therefore, it is unnecessary to pass upon the question whether or not the Superior Court has the authority to proceed as it did here and hear evidence of the petitioner's conduct during the six months interval prior to entry of final decree. Were we to uphold the contention of the respondent, it would make no difference in the final result. He has already had in the Superior Court the full benefit of the right to which such a decision on our part would entitle him. The legal question raised is a difficult one, as was justly observed by the trial justice, and is not free from doubt. It not being necessary to our decision, we have not considered it here, but preferred rather to await the time when it may, in some future case, come squarely before us for determination.

It may not be amiss, however, to remark at this point that this court appeared to have had in mind that there were other reasons for the six months waiting period before entry of final decree than that of a time for reconciliation when it observed in *Scolardi* v. *Scolardi*, 42 R. I. 456, at

page 459: "After decision of the court granting the petition she had six months within which she might have moved the Superior Court to grant her a hearing on the divorce petition." In that case apparently this court was of the opinion that within the six months period before entry of final decree, the Superior Court, for sufficient cause duly shown, had the power to give the respondent, who did not appear at the original hearing, an opportunity to present her defense. This seems to be in line with the thought expressed by the chancellor in *Grant v. Grant, supra,* in what he termed a defaulted case. The *ex parte* nature of the hearing in the *Scolardi* case was essentially the same as that in the *Grant* case, though we term it an uncontested rather than a defaulted case.

Whether or not the court in the *Scolardi* case would have made the above-quoted statement if the case were contested does not appear and we shall not undertake at this time to make any observation in that respect. From what we have said, it is clear that the trial justice did not err in denying respondent's motion.

All the respondent's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*McGovern & Slattery, James A. Higgins,* for petitioner.
*James H. Kiernan,* for respondent.