SAMUEL MANEKOFSKY *vs.* MARTHA MANEKOFSKY.

MARCH 1, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This case is now before us on the petitioner's motion to dismiss the respondent's bill of exceptions, on the ground that the decision by the superior court, which the respondent seeks to have reviewed by this court, is not reviewable on a bill of exceptions, but only on an appeal.

The case is a proceeding for a divorce, which was heard on its merits in the superior court on September 20, 1935, the result being a decision that the petitioner was entitled to a divorce.  On this a final decree of divorce was entered on April 25, 1936.  On August 29, 1936 the respondent filed a motion that the final decree and the decision be set aside and vacated, and that the case be reinstated for trial on its

merits. When this motion came on for hearing in the superior court, it was denied and the respondent took an exception to the denial. The bill of exceptions now before us states only that exception.

The petitioner's sole contention in support of his motion to dismiss is that, under decisions by this court, the only correct procedure for bringing such a ruling before this court for review is by an appeal. He cites in support of this contention *Sherman* v. *Sherman*, 178 A. 462 (R. I.). In that case, the bill of exceptions before us was brought by the petitioner in a divorce case, to have us review a decision by the superior court denying his motion for the allowance of additional counsel fees after a decision denying his petition for a divorce. We sustained a motion by the respondent to dismiss that bill of exceptions on the ground that such a decision was only reviewable on appeal.

But in that case the decision by the superior court was only on a supplementary proceeding, not affecting the merits of the case. We expressed no opinion as to the proper procedure for a review of a decision on a motion directly attacking the decision of the case on its merits, or the final decree of divorce, but only as to the proper procedure for reviewing orders and decrees relating to alimony and to allowances and counsel fees.

In *Johnston* v. *Johnston*, 37 R. I. 362, 92 A. 983, after a careful review of the previous opinions of this court bearing on the question now before us, this court held that a bill of exceptions is the proper procedure for obtaining a review by this court of a decision by the superior court denying a petition to vacate, for fraud practiced on the court, a final decree in a divorce case. It stated that, though that petition had been filed, numbered and docketed as if it were a part of the divorce case, it was in the nature of a new action brought in the same court, not to have the divorce case reopened and retried, but to vacate the decree by having the whole procedure annulled for want of jurisdiction.

It is true that in that case, as stated in the opinion, the *petition* to vacate the decree charged fraud practiced on the court and contained allegations of fact to support the charge, while in the instant case there was a *motion* to vacate the decree and decision and to reinstate the case for trial, and that motion set forth no reason why they should be vacated, and contained no allegations of fact. But no objection was made by the petitioner in the case to the legal sufficiency of the motion itself and, when it came on for hearing before a justice of the superior court, the respondent's counsel stated that it was based on fraud, practiced by the petitioner on the court and the respondent, and he offered to produce evidence of such fraud, which the justice held to be insufficient and denied the motion. Therefore it seems to us that the differences between the petition in the earlier case and the motion in the instant case bear rather on the question whether the motion was properly denied than on the question whether the denial is reviewable on a bill of exceptions.

In *Berger* v. *Berger,* 44 R. I. 295, 117 A. 361, where the facts were much like those in the instant case except that a *petition* was involved, this court held: "The petition to vacate a final decree in divorce is an independent petition and in effect is a new and original proceeding. The objection to the decision of the Superior Court thereon is properly raised in this court by a bill of exceptions." *Johnston* v. *Johnston, supra,* was cited and relied upon.

The petitioner in the instant case relies principally on the opinion in *McGraw* v. *McGraw,* 48 R. I. 426, 138 A. 188. There the petitioner, who had, many years before, secured in this state a divorce from her husband, brought after his death a petition against his heirs at law, to have the decree of divorce vacated, in order that she might, as his widow, take property under his will. The ground given for vacating the decree was that it had been secured by fraud perpetrated on the court by her attorney in the case but without her participation in such fraud or knowledge thereof.

One of the heirs entered an appearance and filed both a demurrer to this petition and a motion to dismiss it. After a hearing on them, they were sustained by the superior court and a decree dismissing this petition was entered. The petitioner appealed and also prosecuted a bill of exceptions. All that this court said on the question of the proper procedure was as follows: "The correct procedure was by appeal from the decree dismissing the petition. See *Ward* v. *Ward,* 48 R. I. 60."

This was much in the nature of a *dictum,* since it would make no difference in the disposition of the case then before the court which way the question of procedure was decided, and therefore it is quite possible that the question was not much considered. The only case cited on the question, *Ward* v. *Ward, supra,* was not in point, since the decision of the superior court that was involved therein was on a petition to modify a decree relating to alimony and nothing was said, even by way of *dictum,* as to the proper procedure after a decision on a petition to vacate a decree of divorce.

In the opinion in the *McGraw* case no mention was made of either the *Johnston* or the *Berger* case, *supra,* and apparently they were overlooked. Under all the circumstances we conclude that the weight to be given by us to the reasoning and decisions of this court in its opinions in those earlier cases was not seriously diminished by its opinion and decision in the *McGraw* case.

Lastly, the petitioner in the instant case relies on *Budlong* v. *Budlong,* 51 R. I. 113, 152 A. 256, in which this court was asked to review on bills of exceptions two decisions of the superior court, which were entered after a final decree of divorce. Both of these two decisions were purely supplemental to the divorce decree and concerned only the custody of minor children. The later one resulted in a decree by which the respondent was permanently enjoined from interfering with the petitioner's custody of his minor sons.

Both of the bills of exceptions were dismissed, on motions

of the petitioner, the court having previously said on page 116: "The practice is now well settled that the correct procedure to bring to this court for review a decree in divorce proceedings entered after the final decree is by an appeal, not by a bill of exceptions." *McGraw* v. *McGraw, supra,* was cited, as well as three other cases, in which the decrees sought to be reviewed were merely supplemental decrees. Nothing was said about the proper procedure in the case of a decision or decree on a petition or motion to vacate a decree of divorce; and neither *Johnston* v. *Johnston, supra,* nor *Berger* v. *Berger, supra,* was mentioned.

The language above quoted certainly stated the general rule; but in the earlier cases just cited, a different rule was laid down and applied as to petitions for vacating final decrees in divorce cases, such petitions being treated as separate proceedings. Those cases have never been expressly overruled nor have we found any case in our reports in which the result would have been any different, if that different rule had been recognized and applied.

The whole matter of the correct method for securing a review of decisions, decrees and orders in divorce proceedings in this state, and for having final decrees therein annulled for fraud or want of jurisdiction, has given rise to many difficulties in the past and some of them have not yet been entirely removed. So far as such difficulties involved in the instant case are concerned, it may be that we can better deal with them after the case has been heard on the bill of exceptions. We therefore deem it to be the wisest course to dispose of the motion to dismiss in the following manner.

The motion to dismiss the bill of exceptions is denied for the present, but without prejudice to its reconsideration, when the case is heard by us on the merits of the bill of exceptions.

*Benjamin M. McLyman,* for petitioner.

*Harold S. Moskol,* for respondent.