## MYRA ANN PAKURIS *vs.* GEORGE PAKURIS.

### DECEMBER 27, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for absolute divorce. The principal issue raised by the petitioner's bill of exceptions is whether the misconduct of the prevailing party in a divorce action after the decision and before the entry of a final decree precludes the entry of a final decree in her favor. The case is before us on the petitioner's exceptions to the ruling of the family court sustaining the respondent's objection to the entry of the final decree and to the ruling "vacating the decision" previously entered by the court granting her an absolute divorce.

The petitioner also filed a claim of appeal from the decree, but as she has neither briefed nor argued her reasons therefor, for the purpose of clearing the record her appeal is denied and dismissed pro forma.

The following pertinent facts appear in the record. The petitioner filed a petition for an absolute divorce from her husband. The case was answered by respondent. After a hearing on the merits in the family court, a decision was entered by a justice of that court on October 23, 1961 granting her prayers for custody of the minor child of the parties, for an allowance for the support of the child, and for absolute divorce. Thereafter, before entry of a final decree,

respondent filed a motion for change of custody and petitioner filed a motion to adjudge respondent in contempt for failure to make the payments as ordered.

At the hearing on these motions on March 16, 1962 petitioner admitted under oath that, for a period of time after the entry of the divorce decision, she had been living with a man other than her husband as this man's wife and she further testified that she intended to marry him after she obtained a final decree of divorce. After the hearing the court denied respondent's motion for change of custody and adjudged him in contempt for failure to make the support payments as ordered. It is admitted that respondent purged himself by making such payments.

On April 19, 1962, before the expiration of the six months' waiting period, respondent filed a notice of intention objecting to the entry of the final decree and asking for a hearing thereon. This matter was heard on April 24, 1962. The petitioner's testimony in the hearing held on March 16, 1962, wherein she admitted living with another man, was made part of the record. After the hearing the trial justice entered a decision sustaining respondent's objection to the entry of the final decree and "vacating the decision" entered on October 23, 1961. He based his decision on the ground that by her conduct petitioner had forfeited whatever right she had as the prevailing party to the entry of the final decree.

Under exception 1 petitioner contends that the ruling of the trial justice sustaining respondent's objection to the entry of the final decree is unlawful. She argues that the misconduct of the prevailing party in a petition for an absolute divorce does not preclude the entry of a final decree in favor of such party. After careful consideration we have come to the opposite conclusion.

Divorce is not a common-law proceeding. In England, problems affecting marriage and the dissolution of the marriage were governed by canon law and were exclusively un-

der the jurisdiction of the ecclesiastical courts. 2 Pollock & Maitland, History of English Law (2d ed.) 366, 392-396. In this country divorce is purely of statutory origin. The determination of the issue raised by petitioner depends, therefore, upon the provisions of our divorce statute. The pertinent statute, G. L. 1956, §15-5-23, reads as follows:

> "Remarriage—Final decree.—After final decree for divorce from the bond of marriage either party may marry again; but no decree for such divorce shall become final and operative until six (6) months after the trial and decision. Final decree from the bond of marriage may be entered ex parte and in chambers on the suggestion of the prevailing party at any time within thirty (30) days next after the expiration of six (6) months from the date of decision. After the expiration of said thirty (30) days, final decrees may be entered only in open court and on motion, notice of which shall be duly given; provided, however, that notice of the filing of said motion shall not be required in cases in which the original petition is unanswered."

The petitioner points out that the statute does not expressly provide for denial of entry of a final decree for misconduct by the prevailing party during the period between the decision and the entry of final decree. She argues, therefore, that such misconduct should not preclude the entry of the final decree. She cites cases from other states which, she argues, support her position. She also argues that the statutes involved in the cases cited by respondent differ materially from our statute and are not, therefore, in point.

We have examined the cases cited by both parties, but in our opinion the instant issue must be decided on the basis of our statute and the public policy expounded therein. As the court said in *Berger* v. *Berger,* 44 R. I. 295, 297: "One of the reasons for the delay required by the statute in the entry of a final decree is to give the parties an opportunity for reconciliation." In enacting what is now §15-5-23 the legislature clearly intended to do everything in its power

to maintain the marriage status and to sustain the family unit.

This court has never passed upon the question raised by petitioner. See *Bajakian* v. *Bajakian,* 57 R. I. 470. In that case, at page 474, the court held that the seal of finality in a divorce case was the expiration of seven days from the decision on the merits and that such decision, in the absence of fraud, closed the door to further inquiry into the conduct of the petitioner prior thereto. In that case the court expressly stated that it was not passing upon the question whether the trial court had authority to hear evidence of petitioner's conduct during the six months' interval prior to entry of the final decree. But the issue is squarely before us in this case.

It is too well established to need citation of authority for the proposition that a decision for divorce does not terminate the marriage of the parties, and they remain in law husband and wife until the entry of the final decree. In our opinion our statute clearly indicates a legislative intent requiring, as a matter of public policy to give the parties an opportunity for reconciliation, the prevailing party to demean himself or herself, as the case may be, as a faithful spouse until the entry of the final decree. Misconduct on the part of the prevailing party during the six months' period does not tend to offer the parties an opportunity for a reconciliation. Indeed, it would have the opposite effect and would therefore be contrary to the public policy clearly set forth by the legislature.

The petitioner's contention that there was no finding by the trial justice that she was guilty of adultery does not help her in the circumstances of this case. In our opinion the prevailing party must continue to comply with the allegations of the petition for divorce, pertaining to his or her conduct, up to the time of the entry of the final decree and any conduct which would bar a decision for divorce on the original petition presents grounds for contesting entry of

the final decree. In the case at bar petitioner's admission that she lived with another man as his wife during a part of the six months' period constituted misconduct justifying the ruling of the trial justice sustaining respondent's objection to the entry of the final decree.

Our conclusion finds further support in an observation made by the court in the *Bajakian* case where, at page 476, it made the following statement:

> "It may not be amiss, however, to remark at this point that this court appeared to have had in mind that there were other reasons for the six months waiting period before entry of final decree than that of a time for reconciliation when it observed in *Scolardi* v. *Scolardi*, 42 R. I. 456, at page 459: 'After decision of the court granting the petition she had six months within which she might have moved the Superior Court to grant her a hearing on the divorce petition.' In that case apparently this court was of the opinion that within the six months period before entry of final decree, the Superior Court, for sufficient cause duly shown, had the power to give the respondent, who did not appear at the original hearing, an opportunity to present her defense."

Exception 1 is overruled. In view of our discussion of that exception we do not deem it necessary to consider the petitioner's exception 2, since our determination of the issue raised by exception 1 is decisive of this case.

All of the petitioner's exceptions are overruled, and the case is remitted to the family court for further proceedings.

*James Cardono, Aram K. Berberian,* for petitioner.

*Thomas H. Rosenfield,* for respondent.