314 A.2d 423.

MARTHA M. GACCIONE *vs.* LOUIS P. GACCIONE.

FEBRUARY 5, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a wife's petition for absolute divorce. On March 2, 1972, after a hearing in the Family Court, a decision was rendered for the petitioner. On August 16, 1972, before the expiration date of the six months waiting period pending entry of a final decree, the respondent filed a motion to vacate the decision granting the petitioner a divorce and also to deny the entry of a final decree. After a hearing, the trial justice denied the respondent's motion. The case is now before us on the respondent's appeal from the denial of that motion.

The following pertinent facts appear on the record. The wife, on June 14, 1971, filed a petition for divorce alleging

extreme cruelty on the part of respondent. The case was answered by respondent. Subsequently, on February 14, 1972, on motion of petitioner, the petition was amended by adding an additional ground alleging neglect and refusal to provide on the part of respondent. After a hearing on the merits on March 2, 1972, a decision was rendered granting petitioner an absolute divorce on the ground of neglect and refusal to provide and awarding custody of the minor child to the parties jointly. The matter of support for the minor child was left open and alimony was permanently waived by petitioner. A property settlement under the terms of which respondent was to receive $2,000 from the sale of real estate owned by petitioner was incorporated by reference in the so-called interlocutory decree which was entered following the decision.

On August 16, 1972, before the expiration of the six months waiting period, respondent filed a motion to vacate the decision granting petitioner an absolute divorce and to deny the entry of a final decree alleging as grounds therefor that "* * * respondent has learned that prior to the aforesaid decision granting petitioner the divorce on said March 2, 1972, and knows that since the aforesaid decision of March 2, 1972, and continuously since said date, the said petitioner was, and has been, guilty of gross misbehavior and wickedness, repugnant to and in violation of the marriage covenant in that she has associated with other men illicitly."

The respondent testified that he had informed his then counsel that he loved his wife, did not want a divorce and desired to contest the petition. The respondent also testified that he knew petitioner was consorting with other men prior to March 2, 1972, but under cross-examination admitted he had never personally observed her so doing. He stated that he had been told that during the six months waiting period, petitioner was consorting with other men.

He further testified that although he was present with his counsel at the hearing on the merits, he was confused and did not realize that a divorce had been granted to petitioner.

Mark Angelo Gaccione, son of the parties, testified that on one occasion subsequent to the decision on the merits, he and a friend were riding in a car with petitioner and a male companion named Anthony, and they had stopped at an establishment called the Lantern Glow where petitioner and Anthony danced and had a few drinks. He also testified that his mother told him she was considering marriage to a man named Frank.

Richard Douglas Spaulding testified that he saw petitioner on one occasion after March 2, 1972, on Bank Street in New London, Connecticut, with a male companion, not respondent. He further testified that on two other occasions, both subsequent to March 2, 1972, he observed petitioner with the same man at the Grotto Inn in Connecticut, and they were dancing together and having drinks.

The trial justice in his decision commented that the case started as a contest and during the proceedings became a nominal contest.[1] He mentioned that at the hearing on March 2, 1972, respondent was present and represented by counsel and that a property settlement agreement, the terms of which were incorporated into the record, had been entered into by the parties. He also commented that respondent had alleged in his motion that he learned of the petitioner consorting with other men after the hearing on the merits, yet he had testified that he knew about it before March 2, 1972. He accordingly ruled that respondent could have raised the question of this conduct by peti-

---

[1] A nominal contest in a divorce action is usually one in which respondent is represented by counsel, but where for all intents and purposes the petition is not contested.

tioner but had not done so. The trial justice found that there was insufficient evidence to hold petitioner guilty of improper conduct as alleged in respondent's motion.

The respondent first contends that the trial justice erred when he excluded the testimony of respondent relating to his confusion at the hearing on the merits and to his desire to leave the door open to reconciliation.

After reading the transcript we are satisfied, however, that the testimony complained of as being excluded was later admitted during questioning of respondent by the trial justice. There is no merit in respondent's contention.

We proceed to consider respondent's contention that the decision of the trial justice denying the motion to vacate the decision and to deny entry of a final decree is against the weight of the evidence and against the law.

The respondent directs our attention to the case of *Bajakian* v. *Bajakian,* 57 R. I. 470, 190 A. 461 (1937), wherein this court held that the seal of finality in a divorce case is the expiration of seven days from the decision on the merits,[2] and that in the absence of fraud further inquiry into the conduct of the petitioner prior thereto is precluded. The respondent argues that a fraud had been perpetrated on the court at the hearing on the merits, and that the decision rendered for petitioner should be vacated. He alleges that his testimony disclosing that he had informed his then attorney of his desire to preserve the marriage relationship and of his intention to contest the petition, together with his claim of being confused at the hearing on the merits, was sufficient to bring this case within the *Bajakian* rule and that the trial justice's failure to vacate the decision was error.

The motion was made pursuant to G.L. 1956 (1969 Reenactment) §9-21-2 which provides:

---

[2]In a divorce case the seal of finality now is the expiration of 20 days from the decision on the merits. Super. R. Civ. P. 73.

"Control retained over judgment or decree.—On motion and upon such terms as are just, a court may relieve a party or his legal representative from a final judgment, order, decree, or proceeding entered therein for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under applicable law; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and not more than one (1) year after the judgment, order, or proceeding was entered or taken."

It is well settled that motions made pursuant to §9-21-2 are addressed to the sound judicial discretion of the court and, unless it appears that the trial justice abused his discretion or made his determination on an error of law, that determination will not be disturbed by this court on review. *Pate v. Pate,* 97 R. I. 183, 196 A.2d 723 (1964).

The trial justice in his decision commented that the testimony of respondent and the evidence adduced at the hearing were not sufficient to warrant the vacating of the decision granting the divorce to petitioner. From our reading of the transcript it is clear that the trial justice rejected the testimony of respondent relative to his allegations of misconduct on the part of petitioner, and that he did not know what was going on at the time of the hearing on the petition. We consequently conclude that the trial justice did not abuse his discretion in refusing to grant the motion to vacate the decision.

The respondent next argues that the conduct of petitioner subsequent to the hearing on March 2, 1972, is sufficient to sustain his allegation that she is guilty of misconduct and therefore not entitled to the entry of a final decree for divorce. The respondent directs our attention to *Pakuris* v. *Pakuris,* 95 R. I. 305, 186 A.2d 719 (1962), wherein the court stated:

> "It is too well established to need citation of authority for the proposition that a decision for divorce does not terminate the marriage of the parties, and they remain in law husband and wife until the entry of the final decree. In our opinion our statute clearly indicates a legislative intent requiring, as a matter of public policy to give the parties an opportunity for reconciliation, the prevailing party to demean himself or herself, as the case may be, as a faithful spouse until the entry of the final decree." *Id.* at 309, 186 A.2d at 721.

In *Pakuris* the admission of petitioner that she lived with another man as his wife during part of the six months waiting period pending entry of a final decree constituted misconduct justifying the sustaining of respondent's objection to the entry of a final decree. As we have often stated, the burden of showing misconduct on the part of the prevailing party sufficient to sustain the granting of a motion to refuse to enter a final decree is on the movant.

Here, the trial justice in his decision after commenting on the evidence produced by the respondent for the purpose of showing misconduct by the petitioner stated that there was no evidence on which he could conclude that the conduct complained of was of such a character as to warrant the granting of the motion to vacate the decision or to refuse to enter a final decree.

After a careful perusal of the record, we are persuaded that subsequent to the hearing on the merits, during the waiting period prior to the entry of a final decree, that as

a matter of law there was no misconduct on the part of the petitioner. We therefore concur in the holding of the trial justice. The appeal of the respondent is denied and dismissed and the case is remitted to the Family Court for further proceedings.

*John P. Toscano, Jr., Biagio L. Longo,* for petitioner.

*Joseph G. LeCount, John E. Fornaro, Jr.,* for respondent.