ELISABETTA SCOLARDI *vs.* ANTONIO SCOLARDI.

JANUARY 28, 1920.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1) Divorce. Judgments. Relief After Judgment.*

Gen. Laws, 1909, cap. 297, § 1, of relief within one year after judgment, does not apply to a petition for divorce as no judgment can be entered therein.

*(2) Divorce. Relief After Final Decree in Divorce.*

After entry of a final decree in an uncontested petition for divorce, respondent cannot obtain relief under Gen. Laws, 1909, cap. 297, § 3, allowing relief on petition filed within one year to persons aggrieved by any order decree decision or judgment, where from accident mistake unforeseen cause or lack of evidence newly discovered they have failed to claim or prosecute an appeal or bill of exceptions or motion or petition for new trial, since petitioner having taken no exceptions could not through accident, &c.: have failed to file a bill of exceptions, which is the appropriate way to review questions of law in divorce petitions.

DIVORCE.    Heard on petition to vacate final decree and denied.

RATHBUN, J.   This is a petition filed in this court to vacate a final decree entered in a divorce case and to grant a trial.

This respondent filed in the Superior Court his petition, Divorce No. 9750, *Antonio Scolardi* v. *Elisabetta Scolardi*, for a divorce from this petitioner.   Citation in the original divorce proceedings was duly served upon the respondent, this petitioner, in Italy.   No appearance being entered for the respondent the case was heard as an uncontested petition and the petition was granted on September 21, 1918, on the ground of extreme cruelty.   A final decree of divorce was entered March 24, 1919.

On November 11, 1919, the respondent in the original proceedings filed this petition seeking to vacate said final decree and to obtain a trial upon the petition for divorce and alleges that she was in Italy with her husband's consent; that at the time the petition was served on her she was unable by reason of the war to leave Italy and come to Rhode Island to defend the petition; and that on her first opportunity she came to Rhode Island and filed this petition which is based on Sections 1 and 3 of Chapter 297, General Laws, 1909.

Said Section 1 reads as follows:   "A party or garnishee in any action or proceeding in the superior court or in any district court wherein no trial has been had, against whom a judgment has been rendered on nonsuit, default, or report of referees, by reason of accident, mistake, or unforeseen cause, may, within one year after such judgment, petition the supreme court for a trial; and the supreme court may order a trial in the action or proceeding in the court in which such judgment was entered, upon such terms as the supreme court shall prescribe."   This section affords no relief to the petitioner as no judgment has been entered against her. No judgment can be entered in a divorce case.   Divorces in this state are purely statutory and follow the course of

equity so far as the same is applicable. In equity and divorce causes the decision of the court is embodied in a decree and the petitioner is asking that a decree and not a judgment be vacated.

Said Section 3 reads as follows: "When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, ḧas failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe." Has the petitioner "from accident, mistake, unforeseen cause, or lack of evidence newly discovered" "failed to claim or prosecute" her "appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial"?

(2) It cannot be said that "from accident, mistake," or "unforeseen cause" she has failed to claim or prosecute her appeal because there is no appeal from a decision in a divorce case. See *Fidler* v. *Fidler*, 28 R. I. 102. A motion for a new trial is an inappropriate procedure in a divorce case. Divorces are heard by a justice sitting without a jury. The action of a justice sitting without a jury is reviewable only on exceptions. In *Thrift* v. *Thrift*, 30 R. I. 456, it was held that a motion for a new trial in a divorce case could be filed only on the ground of newly discovered evidence. This court said in *Thrift* v. *Thrift*, 30 R. I. 357, at p. 365: "Under the constitution and statutes a bill of exceptions is the appropriate vehicle to employ for the purposes of bringing and presenting to this court questions of law which may arise in the trial of divorce cases, for determination under our final revisory and appellate jurisdiction."

This petitioner being unrepresented at the hearing on the petition for divorce took no exceptions. Section 10 of Chapter 298, General Laws, 1909, provides, "Exceptions to rulings, directions, and decisions made during a hearing in a cause heard by the court without a jury or during a trial by a jury shall be taken immediately." As this petitioner neither has nor can have at this time any exceptions (see *Thrift* v. *Thrift*, 30 R. I. 357 and 456, *Mahoney* v. *Mahoney*, 30 R. I. 458), she cannot urge that "from accident, mistake," or "unforeseen cause" she has failed "to file or prosecute a bill of exceptions." Section 3 also offers no relief to the petitioner.

Citation was served upon the petitioner more than three months before the hearing on the divorce petition. She had time and in fact did communicate with the Italian consular agent at Providence, Rhode Island. Had the consular agent or a member of the bar suggested to the court that the respondent in the divorce petition denied the allegations in the petition and desired an opportunity to offer her defense and that by reason of the war she was unable to leave Italy, undoubtedly the court would have continued the case and given her a reasonable opportunity either to be present in person or to present her defense by depositions.

After decision of the court granting the petition she had six months within which she might have moved the Superior Court to grant her a hearing on the divorce petition. Section 19, Chapter 247, General Laws, 1909, provides that, "After final decree for divorce from the bond of marriage either party may marry again; but no decree for such divorce shall become final and operative until six months after the trial and decision."

No fraud is alleged. The court had jurisdiction to hear the divorce petition. A final decree has been entered and the divorce has become final.

The petition is denied and dismissed.

*Benjamin Cianciarulo*, for petitioner.

*Pettine & De Pasquale*, for respondent.