## GRACE P. WARD *vs.* ALFRED P. WARD.

### DECEMBER 9, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun and Sweeney, JJ.

*(1)  Divorce.  Alimony.  Consent Decrees.  Modification.  Procedure.  Appeal.*

Where the lower court was asked to modify a final decree for alimony entered after the entry of final decree for divorce, and denied the motion, it would have been in keeping with orderly practice to have entered a decree embodying the decision; and an appeal and not a bill of exceptions is the proper manner in which to bring the matter up for review.

*(2)  Procedure.  Divorce.  Appeal.  Decrees.*

Although properly a decree should have been entered after denial of a petition in a divorce case, yet, as no issues of fact were involved, and no objection being made, the court on appeal will consider the case on the merits.

*(3)  Divorce.  Alimony.  Modification of Consent Decree.*

G. L. 1923, cap. 291, sec. 5, provides, that any decree "ordering payment of alimony in any fixed sum or sums either indefinitely or for a certain period, may for sufficient cause at any time be altered, amended and annulled by said court after notice  .  .  .  ."

A final decree in divorce was entered regulating payment of alimony.  The decree was entered by consent and contained a provision that the parties waived the right at any time thereafter to seek a modification thereof.

Petitioner filed a motion for modification due to a change in circumstances. The court refused to take jurisdiction:—

*Held,* that the agreement not to appeal, was an attempt to oust the court of its jurisdiction and was void.

*Held,* further that the court had jurisdiction of the motion and the matter should have been heard on its merits.

DIVORCE.   Petition for modification of decree relating to alimony.   Heard on appeal of petitioner.   Appeal sustained and decision reversed.

RATHBUN, J. This case is before us on the respondent's motion, filed in the Superior Court, to modify a decree of said court for alimony by reducing the amount which the respondent is directed by said decree to pay to his former wife. On January 12, 1923, the Superior Court granted the petition of Mrs. Ward for divorce. On May 3, 1924, the final decree for divorce was entered. Said decree contained a provision directing the respondent to pay alimony to the petitioner in specified amounts at specified times during the ten years immediately following the date of the decree. The decree contained also a provision as follows: "This decree is entered by consent of the parties and with the approval of the court, with the understanding and on condition that the parties mutually agree to waive the right at any time hereafter to seek a modification thereof . . . ." On July 7, 1926, the respondent filed in said court the following motion: "Now comes the respondent, Alfred P. Ward, and represents that he is financially unable to conform to the provisions of the final decree hereinbefore entered in the above entitled case, and moves that the amount of the allowance decreed therein be reduced consistent with his present ability to pay."

At the hearing of said motion the trial justice refused to hear testimony relative to the alleged change in Mr. Ward's financial condition and his alleged inability to make payments as directed by said decree, and denied the motion. The ruling was apparently based on the ground that, in the opinion of said justice, he, without the consent of the parties, had no jurisdiction to modify a consent decree. Counsel for respondent, being in doubt as to the proper procedure to bring to this court the question involved, prosecuted a bill of exceptions and also an appeal. We will first consider briefly the question of prodecure.

In *Wilford* v. *Wilford*, 38 R. I. 55 this court entertained an appeal from a decree refusing to grant alimony after the entry of final decree for divorce. In *Harvey* v. *Harvey*, 45 R. I. 383 the husband obtained a decision in his favor for

divorce. Thereafter before entry of final decree for divorce, a decree was entered modifying—by way of reduction—the decree granting the wife an allowance *pendente lite*, and it was held that the modifying decree could be brought to this court for review on appeal and not by a bill of exceptions. In *Warren* v. *Warren*, 36 R. I. 167, it was held that a decree in reference to a claim for alimony entered after the entry of final decree for divorce was properly brought to this court by appeal for review. The above decisions base the right of appeal from decrees in divorce proceedings on G. L. 1923, Chap. 339, Sec. 1, which provides that: "All petitions for the enforcement of mechanics' liens, petitions for divorce, and statutory proceedings so prescribed by statute, shall follow the course of equity so far as the same is applicable." Section 25 of said chapter provides that: "Any party aggrieved by a final decree of the superior court in any cause in equity or proceeding following the course of equity may, within thirty days after the entry thereof . . . appeal to the supreme court." In the *Warren* case an appeal was permitted under the provision of Section 34 of said chapter. In *Fidler* v. *Fidler*, 28 R. I. 102, it was held that there was no right of appeal from a final decree for divorce—which can not be entered until six months after decision for divorce—as it was clearly not the intention of the statute to permit an appeal after the time when the parties were permitted to remarry. In *Thrift* v. *Thrift*, 30 R. I. 357, it was held that a *decision* upon a petition for divorce may be brought here for review on a bill of exceptions because a decree upon the decision —if the petition is granted—is not in order until six months after the rendering of the decision, and when the final decree is entered it is too late to bring either the decision or decree to this court. The entry of final decree on a decision granting a divorce is equivalent to the entry of judgment. An appeal is taken from a decree and not from a decision. In the *Thrift* case there being no decree to appeal from during the time that the question could be brought here for review a bill of exceptions was permitted.

In the case before us the court below was asked to modify a final decree for alimony entered after the entry of final decree for divorce.   If relief had been granted, a new decree, modifying the decree complained of, would have been entered.   The new decree could have been reviewed by this court on appeal and not by a bill of exceptions.   When the motion to modify was denied it would have been in keeping with orderly practice to have followed the practice in equity by entering a decree embodying the decision.   It, therefore, appears that an appeal and not a bill of exceptions is the proper procedure to bring to this court the question involved.   The bill of exceptions is dismissed.

(1)

An examination of the papers fails to disclose the entry of a decree embodying the decision of which complaint is made.   Counsel for petitioner made no objection to the absence of a decree and, while objecting to the procedure by a bill of exceptions, waived objection as to procedure by appeal.   As we have above stated a decree should have been entered.   However, as no issues of fact were involved, the entry of a decree would have been simply a matter of form, and as the adverse party has not objected we are not inclined to send the parties back to the Superior Court solely for the purpose of entering a decree which in this case could speak no more clearly than a decision.   We will, therefore, proceed to the consideration of the case on the merits.

(2)

The respondent bases his motion for relief on G. L. 1923, Chap. 291, Sec. 5, which provides that any decree "ordering payment of alimony in any fixed sum or sums either indefinitely or for a certain period  may for sufficient cause at any time be altered, amended and annulled by said court, after notice to the parties interested therein".

It is contended by the petitioner that, because the decree which the motion sought to modify was entered in accordance with an agreement between the parties and with their consent, said justice had no jurisdiction to modify said decree. She cites the following authorities to support her contention. *Phillips* v. *Phillips*, 39 R. I. 92; *Hazard* v. *Hidden*, 14 R. I.

(3)

356; *Bristol* v. *Bristol & Warren Water Works,* 19 R. I. 631;
*Hyde* v. *Superior Court,* 28 R. I. 204; *Berry* v. *Somerset Ry.
Co.,* 89 Me. 552.   In none of the cases cited, except the
*Phillips* case, was any matter of divorce involved, and no
question of modifying a final decree entered by consent
for alimony was raised in that case.   It appears that during
the pendency of the *Phillips* case the husband entered into
an agreement with his wife for her support and the support
of their minor children and that in accordance with such
agreement he created a trust estate which provided ample
income for that purpose.   The wife agreed to accept the
income in full for all claims for support and to accept the
same in settlement of all claims for alimony in the event
that she should obtain a divorce.   The agreement was
embodied in an interlocutory decree for support *pendente
lite* which decree directed the husband to create a trust
estate in accordance with the terms of said agreement and
for the purpose therein specified.   At the time when said
decree was entered the husband had created the trust estate
as provided in said agreement.   After final decree for di-
vorce in her favor was entered, and while receiving the in-
come from said trust estate, the wife moved that the Super-
ior Court award her alimony.   Although no decree for
alimony had theretofore been entered, said court denied
her motion.   This court on appeal held that as the wife
had made an agreement concerning alimony—the pro-
visions of which were not unfair to her—and as the agree-
ment was wholly executed, she was not entitled to an addi-
tional allowance.   Her conduct amounted to a waiver of
further provision for alimony.

In the case before us the decree for alimony is partially
executory, and not wholly executed, as was the agreement
and decree in the *Phillips* case.   The court was not asked
to modify an executed agreement or decree but only the
portion of the decree which remains executory.   Said Section
5 by its terms confers jurisdiction on the Superior Court to
modify, on the showing of sufficient cause, any decree for

alimony. No exception is made as to consent decrees. It is the policy of law to leave such decrees subject at all times, until executed, to the control of the court. The respondent's agreement in advance not to appeal under any circumstances to the court for the exercise of the jurisdiction conferred by said section 5 is an attempt, before any cause arises, to oust the court of the jurisdiction, which the legislature declared shall always exist, and is void as being against the policy of the law. It is one thing for a person to agree, after the circumstances have arisen, to settle the dispute without resort to the courts. It is a different matter for him to attempt to bind himself in advance not to appeal to the courts regardless of what circumstances may arise. The right to appeal to the Superior Court for the modification of a decree for alimony was given not only for the protection of persons obligated by decrees to pay alimony but also for the well-being of society. The legislature on a change of policy may withdraw the privilege granted, but while the right exists the individual can not barter it away —even with the approval of the court. In *Pepin* v. *Société St. Jean Baptiste*, 23 R. I. 81, the defendent was a beneficial association having a by-law which provided that all disputes between members and the society shall be decided by a committee whose decision shall be final. The plaintiff, a member of the society, brought suit to recover sick benefits which he alleged were due him. This court held that, although by joining the society the plaintiff had contracted to be bound by the by-law, his agreement to accept finally, without applying to the courts, the award of the committee was invalid as opposed to public policy. In *Nute* v. *Hamilton Mut. Ins. Co.*, 6 Gray, 174, it was held that an agreement in a contract of insurance requiring any suit by the insured against the company to be brought in a particular county was invalid. In *Ins. Co.* v. *Morse*, 20 Wall. 445, a statute which required insurance companies doing business within the State to agree not to remove suits in which the company was a party to the Federal courts for trial was unconstitutional.

The power of legislation resides in the legislature and not in the courts. When a decree for alimony purports to take from an individual the right given by statute to apply for modification of the decree, the court has, without authority, attempted to abrogate the will of the legislature and supercede the statutory law by decree of court. It is elementary that courts can not thus encroach on the legislative domain. There are numerous decisions which hold that a court can not, by consent decrees or otherwise, divest itself of the power conferred by statute to modify decrees for alimony, and we have been referred to no authority to the contrary. *Blake* v. *Blake*, 75 Wis. 339; *Southworth* v. *Treadwell*, 168 Mass. 511; *LeBeau* v. *LeBeau*, (N. H.) 114 Atl. 28; *Wallace* v. *Wallace*, 74 N. H. 256. See also *Soule* v. *Soule*, 4 Cal. App. 97.

The Superior Court should have accepted jurisdiction and heard the motion on its merits.

The appeal is sustained. The decision appealed from is reversed and the cause remanded to the Superior Court for further proceedings consistent with this opinion. '

*Huddy and Moulton*, for petitioner.
*Rosenfeld and Hagan, C. Bird Keach*, for respondent.