ALICE T. SMITH *vs.* ARTHUR L. SMITH.

JUNE 20, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

PER CURIAM. In 1922 the petitioner obtained a divorce from bed and board from the respondent. The parties had three minor children. Their ages at that time were as follows: one son, sixteen years, another eight and one-half years and a daughter thirteen. The custody of these children was given to the petitioner. The respondent voluntarily agreed to give the petitioner the use of the homestead property, a large and attractive house with spacious grounds overlooking the Barrington River, to pay for fourteen tons of coal each year and for all repairs, taxes and insurance on said property, and to pay to the petitioner $60 per week for the support of the petitioner and the minor children of the parties; and a decree embodying the agreement was entered. For more than six years the respondent complied with the terms of said decree. In June, 1928, two of the children having reached an age at which they could be self-supporting, and the respondent's income having materially decreased, the respondent applied

to the Superior Court for a modification of said decree. The motion for a modification was heard in June, 1928. Decision was rendered in October of the same year reducing the weekly payments from $60 to $50 per week. A decree was entered modifying to this extent the original decree for allowance and refusing to grant to the respondent any further relief from his obligations under the original decree. The respondent, contending that in view of the change in the petitioner's needs and the change in his financial condition the Superior Court erred in refusing to grant greater relief, appealed from said decree to this court.

The respondent, being uncertain as to the correct procedure, has also preferred a bill of exceptions.

Appeal is the correct procedure. In an action of this nature a decree should be entered whenever one is in order. If the decision embodied in the decree is to be reviewed an appeal must be taken from the decree. In case of decision for absolute divorce no decree is in order until six months have elapsed. When the final decree is entered either party is at liberty to marry again. If the decision for absolute divorce is to be reviewed it must be done on exception taken to the decision. The bill of exceptions may include also exceptions taken to rulings in the course of the trial. See *Fidler* v. *Fidler*, 28 R. I. 102; *Thrift* v. *Thrift*, 30 R. I. 357; *Scolardi* v. *Scolardi*, 42 R. I. 456; *Camire* v. *Camire*, 43 R. I. 489; *Roy* v. *Roy*, 44 R. I. 160; *Grant* v. *Grant*, 44 R. I. 169; *Hurvitz* v. *Hurvitz*, 44 R. I. 243-478; *Enos* v. *Enos*, 44 R. I. 450; *Stewart* v. *Stewart*, 45 R. I. 375; *Harvey* v. *Harvey*, 45 R. I. 383; *Giblin* v. *Giblin*, 45 R. I. 500; *Bridges* v. *Bridges*, 46 R. I. 191; *Ward* v. *Ward*, 48 R. I. 60; *Leighton* v. *Leighton*, 48 R. I. 195; *McGraw* v. *McGraw*, 48 R. I. 426.

The only property which the respondent owns is the estate, occupied by the petitioner, and stock of the par value of $20,000 in the Smith-Holden Company Corporation which conducts a small paint store. At the time the original decree was entered the respondent was receiving $1,200 in dividends on stock, and a bonus of $500 per annum and was

receiving a salary of $5,000 per annum. He now receives neither dividends nor bonus and his salary has been reduced $1,000 per annum. As president, treasurer and manager of said corporation the respondent receives an annual salary of $4,000. As clerk and member of the Rhode Island Shellfish Commission he receives an annual salary of $2,500, a total of $6,500. He has no other income. From this he contributed during the calendar year preceding the hearing below, for the support of his wife, the petitioner, and the children, a weekly allowance amounting to $3,120, and paid other bills, as required by the decree for allowance, amounting to approximately $2,000, leaving for his own support a balance of approximately $1,500. The decree appealed from reduced the weekly allowance from $60 to $50 per week, a saving of $520 per annum. By said decree the respondent is still required to give the use of the homestead estate to the petitioner and contribute in weekly payments and for coal, taxes, repairs, insurance, etc., approximately $4,500. For his own support he has approximately $2,000. Although a husband does not live with his wife and is compelled to support her apart from himself, she is entitled to no better support from him than he can provide for himself. No way is suggested whereby the respondent can increase his earnings. The respondent cannot pay his bills. He lives in one room in a boarding house. She occupies a large estate maintained by the respondent. She keeps a maid and travels to a considerable extent.

The petitioner's needs are now less. Eight years ago when the original decree was entered, there were three children of the age of sixteen, thirteen and eight and one-half years respectively. One year ago when the cause was heard below the elder son had reached his majority and was earning considerably more than $25 per week; the daughter was nineteen years of age. One year before said hearing she was graduated from high school. The younger son was about fifteen years of age. This son required some support but nothing appears to indicate that the daughter, as well as

the elder son, is not capable of supporting herself. On October 20, 1928, before the decree appealed from was entered, the cause was heard on petitioner's motion for additional counsel fees. It appears from an exhibit introduced at this hearing that the petitioner had a deposit in the Rhode Island Hospital Trust Company of more than $5,000. Nevertheless the respondent had been compelled to pay large counsel fees for the petitioner.

The respondent's income has diminished. The trial justice found that the respondent's income was $2,500 less per annum than in 1922 when the original decree for allowance was entered, and notwithstanding the fact that the petitioner's needs were less and that the respondent had been compelled to borrow, to meet his personal expenses and the payments under the decree, money which he was unable to repay, his obligations under the original decree were reduced only $520 per annum.

Thus far we have considered the case on the assumption that the respondent is actually earning $6,500 per annum. The facts are that for three years, at least, he has had no net income, but has had a deficit, and his expenditures have all been made from capital. He receives $2,500 per annum as clerk and member of the Shellfish Commission. He is drawing from the Smith-Holden Company, as salary, $4,000. It was stated by the petitioner's counsel at the hearing before us that the respondent owned nearly all of the stock of said company and the statement was not denied. It appears that within the three years preceding the hearing below the surplus of said company diminished from $35,000 or $37,000 to nothing and that the company is yet operating at a loss. It thus appears that all contributions to the petitioner during said three years were made from capital and not from income. These facts and figures are not disputed. The books of said company were presented for examination and it appears that the losses as above pointed out have been allowed by the Federal Government in checking the income tax return made by said corporation. Unless business con-

ditions very materially improve it will be but a short time that the respondent can draw either income or capital from his business or contribute any considerable sum for the support of his wife.

Unless his financial condition has materially improved the time has arrived when it is no longer possible for the respondent to support his wife at the homestead estate. We have before us a photograph of said estate and we can readily believe the testimony of the petitioner that the house is expensive to keep in repair and expensive to live in. The house is now in urgent need of repairs which the respondent is unable, because of lack of funds, to have made. The house contains fourteen large rooms besides spacious halls, closets and bathrooms. The estate is entirely too large and too expensive in upkeep for a family in moderate circumstances to occupy, even when the husband is living with his family.

The petitioner testified that from April to October she pays $8 per week to have the lawns cared for; she has a servant in her employ at all times. The respondent is no longer able to meet the expense of a servant to care for this house or any other. The petitioner testified as to expenditures for many other luxuries entirely inconsistent with the respondent's income.

If the parties cannot agree to a sale of this estate it should be rented and thereby become productive of income.

The court is unanimous in the opinion that unless the respondent's financial condition has materially improved the cause should again be heard *de novo*. A majority of the court is of the opinion that the appeal should be sustained. The appeal is sustained and the cause is remanded to the Superior Court for a rehearing.

*Cooney & Cooney*, for petitioner.
*Walling & Walling*, for respondent.