JOHN C. HARRINGTON *vs.* STELLA B. HARRINGTON.

APRIL 15, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This action for divorce is before us on the petitioner's bill of exceptions to a ruling of the superior court, granting the respondent's motion to vacate the entry of decision on the merits and to reinstate the case for trial. The petitioner has also prosecuted an appeal from the decree, entered in accordance with the above ruling.

The petition, dated July 9, 1937, was filed in the superior court and prayed for an absolute divorce on the ground that the parties had lived separate and apart from each other "for the space of more than ten years". It was made returnable on the first Monday of September 1937, and a citation thereon was duly served on the respondent personally in Fall River, Massachusetts, where she lived. On September 24, 1937 a hearing on the merits of the petition was held and thereupon a decision was entered, granting the petition for divorce on the above ground. This decision was based only on the evidence for the petitioner since no appearance by or on behalf of the respondent had been entered up to that time.

On January 13, 1938, within six months from the entry of such decision, a Rhode Island attorney for the respondent

filed, within the case, a written motion "that the entry of September 24, 1937 granting petition for divorce be vacated." No affidavit of any facts accompanied this motion. Due notice thereof was given to the petitioner and the matter was heard on February 18, 1938, at which time the respondent's motion was granted over the objection of the petitioner. On March 11, 1938, upon motion of the respondent and over the petitioner's continued objection, a decree was entered, vacating the order dated September 24, 1937, which had granted the petition for divorce, and reinstating the case for assignment on its merits.

Being in doubt as to the proper procedure to bring the matter to this court for review, the petitioner has prosecuted his bill of exceptions to the ruling of the trial justice in granting the respondent's motion to vacate the previous decision granting the petition for divorce; and he has brought also an appeal from the decree of March 11, 1938, vacating the decision on the merits. No question was raised concerning the finality of the decision or decree.

The practice heretofore followed in divorce cases, to bring to this court for review an alleged error of law in a ruling on such a motion as here, may not have been entirely uniform. However, it is now well settled that a decision on the merits of a divorce petition is reviewable here only on a bill of exceptions. *Thrift* v. *Thrift,* 30 R. I. 357; *Bridges* v. *Bridges,* 46 R. I. 191; *Sherman* v. *Sherman,* 178 A. 462 (R. I.).

For that reason we think it logical and proper to require the same procedure to bring up for review a ruling by a justice of the superior court on a motion duly filed within a divorce case before entry of final decree, where the motion directly attacks the decision on the merits. We therefore shall deny and dismiss the petitioner's appeal, and consider the petitioner's bill of exceptions which raises the same question of law.

The petitioner contends that the superior court's authority to set aside such a decision is based on general laws 1938, chapter 535, § 2; that this section expressly requires that such authority be exercised only "for cause shown"; that no cause was properly shown in the instant case because the motion was not accompanied by an affidavit of a meritorious defense, nor was any sworn testimony in lieu thereof introduced at the hearing; and that therefore the ruling of the trial justice, being thus entirely without any competent evidence to support it, was arbitrary and erroneous in law. In support thereof he cites the language of the above statute and the construction thereof which has been consistently followed in many decided cases, citing *Draper* v. *Bishop,* 4 R. I. 489; *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.,* 44 R. I. 458; *Nelen* v. *Wells,* 45 R. I. 424.

We agree with the petitioner's construction of the statute and the decided cases which have been cited in support thereof. But we do not agree that the action of the trial justice was wholly without evidence or its equivalent to support it. In our opinion, having in mind the state's interest in preserving the marital status, the transcript may be reasonably construed as showing an offer of proof by the respondent of certain material facts, which would justify the conclusion that the respondent had substantially satisfied the requirements of the statute. It is true that the transcript is meager and consists of a running colloquy between court and counsel. But it shows that respondent's counsel recited the existence of a decree of divorce from bed and board, obtained by the respondent in Massachusetts; that he read from a copy thereof, and stated that the petitioner was greatly in default thereunder on payments amounting to $2000 for the support of respondent and minor child. Some excuse was also stated to explain respondent's failure to appear at the hearing to present her defense on the merits. While this excuse in itself may not have been a valid reason in law to justify relief, its truth was not specifically challenged and it

provided some light on the question of the respondent's good faith in desiring to contest this petition on its merits.

Respondent's counsel also asserted in substance that, if the court would grant the opportunity, she would appear to testify personally under oath to the truth of the above facts. Apparently the petitioner's objection then and now has been directed more to the form than to the substance and truth of these facts as stated to the trial justice. Under all the circumstances, the transcript may reasonably be considered as showing an offer of proof by respondent of material facts which, if established, would have an effect upon the question whether petitioner, in invoking affirmative aid of the court, on the stated ground, had demeaned himself as a faithful husband and performed all the obligations of the marriage covenant as alleged; and also as showing the respondent's good faith in desiring to contest the matter on its merits. So construed, particularly in view of petitioner's failure to question the truth of the facts as stated, and considering the state's interest in a divorce case, the transcript shows a substantial satisfaction of the requirements of the statute.

The petitioner's exception is overruled and the case is remitted to the superior court for further proceedings.

*Alfred J. Curry, William E. Walsh, Curry & Walsh,* for petitioner.

*A. Anthony Susi,* for respondent.