ANTIMA O. SULLIVAN *vs.* PATRICK H. SULLIVAN.

MAY 5, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

26

CONDON, J. This is a petition for divorce on the ground of extreme cruelty. The petition also contained a prayer for alimony and the custody by the petitioner of the minor daughter of the parties. The cause was heard on all issues at a single hearing before a justice of the superior court and resulted in a decision granting the petitioner an absolute divorce for extreme cruelty, alimony of $14 per week and the custody of the daughter. To this decision and to a large number of rulings by the trial justice admitting evidence of respondent's drinking habits, drunkenness and matters allegedly not set out in the petitioner's bill of particulars, the respondent duly excepted and has brought his bill of exceptions to this court.

We have examined the transcript with particular reference to all of respondent's exceptions to the admission of evidence and do not deem it either necessary or desirable to treat any of them separately. They are so clearly lacking in merit that it is inconceivable to us that the evidence thus admitted could have prejudiced respondent. It was within the province of the trial justice, in passing upon the question of respondent's alleged cruelty to the petitioner, to consider respondent's drinking habits in connection with his alleged violent temper.

The real questions in the cause are raised by respondent's exceptions forty-eight and forty-nine to the decision granting the divorce and awarding petitioner alimony and custody of the daughter. Before treating these exceptions, however, we should first consider another matter which was brought to our attention by the petitioner at the hearing before us. She pointed out that there was some question whether this court could review the trial justice's findings on alimony under respondent's exception thereto, since this matter had been determined by the entry of a decree from which no appeal had been taken.

Although petitioner did not move to dismiss respondent's exception or request any other action by this court, we shall consider the point thus informally raised as a suggestion by her of lack of jurisdiction in this court to review by exception the award of alimony by the superior court. Divorce in this state is purely statutory. *Sammis* v. *Medbury,* 14 R. I. 214. Exclusive original jurisdiction thereof is vested in the superior court. Only appellate jurisdiction is in this court. *Hurvitz* v. *Hurvitz,* 44 R. I. 243. Such jurisdiction may be exercised by us only when it has been properly invoked in accordance with the statute. G. L. 1938, c. 495, § 2. The statute in this respect is not as clear as it might be. It does not provide *eo nomine* for any appeal in divorce or for a bill of exceptions. However, this court has held that it has the power to review, by bill of exceptions, a decision of the superior court granting or denying a petition for divorce. *Thrift* v. *Thrift,* 30 R. I. 357. In *Fidler* v. *Fidler,* 28 R. I. 102, it had previously held that a final decree in divorce could not be reviewed by appeal. The net result of those decisions has been to make what this court referred to in *McLaughlin* v. *McLaughlin,* 44 R. I. 429, as "the peculiar nature of practice in divorce", and has given rise to not a few troublesome questions as to the appropriate practice and procedure in divorce in certain special circumstances.

28

Since the *Fidler* and *Thrift* cases a number of cases presenting such special circumstances have been decided by this court, and those decisions have tended to clarify somewhat the apparent confusion arising from our peculiar practice in divorce. *Warren* v. *Warren,* 36 R. I. 167; *Wilford* v. *Wilford,* 38 R. I. 55; *Phillips* v. *Phillips,* 39 R. I. 92; *Hurvitz* v. *Hurvitz,* 44 R. I. 243; *McLaughlin* v. *McLaughlin,* 44 R. I. 429; *Harvey* v. *Harvey,* 45 R. I. 383; *Bridges* v. *Bridges,* 46 R. I. 191; *Smith* v. *Smith,* 50 R. I. 278; *Boyden* v. *Boyden,* 50 R. I. 326; *Rosenfeld* v. *Rosenfeld,* 51 R. I. 381; *Sherman* v. *Sherman,* 178 A. (R. I.) 462. But only in *Bridges* v. *Bridges, supra,* have we found a situation in some respects similar to the instant cause. We shall refer to that case later.

It seems that we have in the instant cause the situation which the author of the opinion in *Phillips* v. *Phillips, supra,* had in mind when he wrote: "This court has never been called upon to determine what would be the proper appellate proceeding in case the Superior Court in one decision granted the prayer for divorce and also passed upon a claim for alimony contained in the petition." Here the superior court in its decision has done that very thing, and respondent has duly excepted not only to the decision as to the granting of the divorce but also as to the award of custody and alimony. It is true that he has also assented to the entry of a decree providing for such custody and alimony but only as to form, as he claims, under his exception, that such award of alimony by the superior court was erroneous. This state of the record, it may be admitted, presents an awkward situation, but we think not an insuperable one. It arises largely from the fact that the statute provides that divorce proceedings shall follow "the course of equity" while this court has ruled that such a proceeding is nevertheless in the nature of a "civil action" within the meaning of the statute authorizing the taking of exceptions. G. L. 1938, c. 542, § 1. *Thrift* v. *Thrift, supra.*

In a number of cases where the superior court, after decision granting the divorce or after final decree, has, in an independent proceeding, entered a decree for custody of children and alimony, an appeal therefrom has been held by this court to be the proper remedy to obtain review here. It was with such cases in mind that we said in *Sherman* v. *Sherman, supra*: "It is, however, clearly established that orders and decrees relating to alimony, and to allowances and counsel fees, other than those above referred to, entered by the superior court in divorce litigation, after final decision or decree, are properly reviewable in this court by appeal only and not by bill of exceptions." The cases therein referred to are plainly not like the instant cause. In none of them did the superior court in one decision grant the prayer for divorce and pass upon the question of alimony.

In *Thrift* v. *Thrift, supra,* this court, at page 360, said, referring to review by bill of exceptions: "This method of presenting questions of law for determination, being familiar and simple, when available, should be preferred to extraordinary and more complicated ways of reaching the same result." And further, at page 365: "The remedy, provided by bill of exceptions, under the practice in this State, is very broad, and affords ample opportunity to bring before the court any legal questions that may arise during the trial of the case." Also on the same page: "Under the constitution and statutes a bill of exceptions is the appropriate vehicle to employ for the purposes of bringing and presenting to this court questions of law which may arise in the trial of divorce cases, for determination under our final revisory and appellate jurisdiction."

Applying this language to the case at bar, we are of the opinion that the situation presented therein clearly calls for appellate review by exceptions to the superior court's decision on the prayer for alimony. It would seem in *Bridges* v. *Bridges, supra,* that both court and counsel conceived exceptions to be the natural remedy and no question was raised as to its propriety, even though a decree

had been entered therein in which alimony was awarded. In that case the superior court granted a petition for divorce and alimony and thereupon entered a decree to such effect. One of the exceptions which this court considered was to the superior court's decision awarding petitioner alimony. This court, upon sustaining such exception, ordered the case remitted to the superior court with direction "to amend the decree appealed from in so far as it awards alimony." We see no difficulty therefore in holding that respondent's exception to the decision awarding alimony in the instant case is the appropriate remedy to bring such decision for review here. If it is sustained, the decree which was entered on the decision can be properly dealt with by directions from this court to the superior court as was done in the *Bridges* case.

The respondent's exception to the granting of the divorce on the ground of cruelty will now be considered. Under this exception the respondent contends that there is no evidence sufficient to establish extreme cruelty under our statute. As we read his brief it seems to us that, in reality, he is contending that the petitioner has failed to prove such cruelty. His argument depends largely upon the credibility of the petitioner's witnesses and the weight of the evidence. We have examined the transcript and we find there some evidence of physical violence. This, in connection with other evidence bearing upon the violent temper of the respondent, especially when he had been drinking, quite likely furnished the trial justice with the ground for finding in favor of the petitioner. The trial justice also had what was of great importance in this case, namely, an opportunity to measure the value of all of this evidence by the general demeanor of the respondent as he testified, an advantage which is denied us.

Whether or not such evidence was sufficient to establish extreme cruelty under the statute was a question of fact for the trial justice to find and such finding will not be disturbed by this court unless it is clearly wrong. *Sayles* v.

*Sayles*, 41 R. I. 170. From our examination of the transcript we cannot say that the trial justice was clearly wrong in granting the petitioner a divorce for extreme cruelty and, therefore, the respondent's exception thereto is overruled.

The respondent's next exception is to the award of alimony of $14 a week for her support and the support of the daughter of the parties. The petitioner testified that her husband told her he made $40 a week. He testified that he worked for his brother as a shovel operator and that his wages were $34 a week, from which were deducted $2 weekly for his union dues and other incidentals. He also testified that during his married life he gave his wife $28 every week. Whether respondent earned $40 or $34 a week was a question which may have entered into the decision of the trial justice as to the proper allowance to be made to the petitioner. But assuming that the respondent received only $34 a week, is an award of $14 for the support of his wife and child so excessive as to be unjust to the respondent?

There is no evidence in the record as to what it costs the respondent to live, no evidence of his expenses, or of any debts on which he is making payments; nothing of the kind that would enable us to find that $20 was clearly insufficient to maintain him in fit condition to perform his daily work. In the absence of such evidence, the finding of the trial justice is conclusive. Under the circumstances, the respondent's exception to the award of alimony is also overruled.

Near the conclusion of his brief, the respondent contends that, even though there be no error in the admission of the evidence and even though extreme cruelty can be found from the evidence, nevertheless petitioner is not entitled to a divorce, as she has not shown herself to be without fault by clear and convincing evidence. It is sufficient to say, in answer to this contention, that we find no evidence that would justify us in disturbing the decision of the trial justice on such ground. The petitioner, in our opinion, has substantially complied with the rule laid down in this re-

spect in *Hurvitz* v. *Hurvitz, supra,* and reaffirmed in *Salvatore* v. *Salvatore,* 61 R. I. 109, and in *Grimes* v. *Grimes,* 61 R. I. 198.

All of the respondent's exceptions are overruled, and the cause is remitted to the superior court for further proceedings.

*John T. Walsh,* for petitioner.

*McKiernan, McElroy & Going, Peter W. McKiernan, John C. Going,* for respondent.