ROBERT McLEOD *vs.* FLEETWOOD MOTOR SALES INC. *et al.*

DECEMBER 20, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This action in assumpsit was brought against Fleetwood Motor Sales Inc. and Blackstone Finance, Inc. of Providence to recover the amount of money paid in connection with the purchase and sale of a used automobile. The defendant Fleetwood Motor Sales Inc., hereinafter referred to as Fleetwood, pleaded the general issue. No entry of appearance, demurrer, or plea was filed by or on behalf of the defendant Blackstone Finance, Inc. of Providence, hereinafter called Blackstone.

The plaintiff then filed a motion for a judgment by default against Blackstone, which was continued to a future date for oral proof of claim. However, since Fleetwood had pleaded, a pre-trial order in the pending case was entered subject to such action as the court would decide upon the motion against Blackstone. After a hearing on February 4, 1955, the case was declared defaulted and a *nil dicit* judgment was entered against Blackstone in the amount of $455.40. Accordingly execution thereon was issued, but before service was completed Blackstone filed a motion to vacate the *nil dicit* judgment and to remove the default on the single ground that it had not been served with notice of the motion for such judgment. After hearing thereon a justice of the superior court ordered the judgment vacated, removed the default, and awarded a counsel fee of $15 to the attorney for plaintiff. The case is here on plaintiff's exception to such decision.

The declaration is in three counts. The first count alleges in substance that defendant Fleetwood agreed to sell to plaintiff a used automobile and to make repairs in certain particulars as part of the agreement; that plaintiff purchased the car and that Fleetwood violated this agreement by failing to make such repairs; and that Blackstone claimed

to be the assignee of a certain conditional sales agreement between plaintiff and Fleetwood covering that car, and thereby became jointly liable with Fleetwood as alleged in the first count.

The second count alleges the same contract, and further that Fleetwood and Blackstone acted in concert in the negotiation and execution of the conditional sales agreement; that because of said agreement plaintiff paid certain sums of money to Blackstone; and that both Fleetwood and Blackstone were therefore liable to plaintiff as alleged. The third count is composed of the usual common counts.

As stated, Blackstone at that time had filed no appearance, demurrer or plea but later filed a motion to vacate the *nil dicit* judgment which reads as follows:

> "Now comes the defendant, Blackstone Finance, Inc., of Providence, and moves that the Nil dicit judgment entered against said Blackstone Finance, Inc., of Providence, on February 4, 1955, in the amount of $455.40, without costs, be removed and that said cause be reinstated for hearing for the reason that notice of the motion for a Nil dicit judgment, filed by the plaintiff on October 28, 1954 upon which action was taken by this Court on February 4, 1955, was never served upon said defendant but on the contrary was served upon the Attorney for Fleetwood Motor Sales, Inc., the other defendant in this case."

Accompanying such motion was an affidavit signed by the president of Blackstone which reads as follows:

> "I, John A. Campbell, of the City of Pawtucket, County of Providence and State of Rhode Island, first being duly sworn, on oath depose and say that Blackstone Finance, Inc., of Providence has a substantial and valid defense in the above-entitled action in that:
>
> 1. Blackstone Finance, Inc., of Providence as assignee of a conditional sale contract is not legally liable under the law to the plaintiff for the damages which he alleges in his Declaration.
>
> 2. The question of whether or not there is a violation

of the terms of the conditional sales contract as agreed to by Fleetwood Motor Sales, Inc. and the plaintiff is a substantial question of fact."

The plaintiff concedes that the motion to vacate the judgment by default was addressed to the sound judicial discretion of the trial justice, *Nelen* v. *Wells,* 45 R. I. 424, and that this court will review such action only if based on an abuse of such discretion constituting an error of law. *Vitullo* v. *Ambrosino,* 77 R. I. 84; *Vingi* v. *Vigliotti,* 63 R. I. 9; *Borden* v. *Briggs,* 49 R. I. 207.

However, he contends that in the instant case there is an abuse of such discretion amounting to an error of law. In support thereof he argues that the motion does not allege any facts which constitute accident, mistake or unforeseen cause and that one of these at least is necessary to support such a motion; that the statute, general laws 1938, chapter 535, requires a supporting affidavit of *facts* rather than mere opinions or conclusions of law as here presented; and that even if we assume that the statements of counsel at the hearing before the trial justice may be substituted for testimony under oath or by affidavit, there still was no evidence or statement of *facts* constituting a prima facie meritorious defense, which is a condition precedent to the granting of such motion. According to plaintiff the statements of Blackstone's counsel to the trial justice were addressed solely to the question whether a mistake or misunderstanding existed in contemplation of law so as to warrant the trial justice in entertaining the motion, and that they did not disclose facts showing any defense.

We have considered the motion and statements of counsel in the transcript and we are constrained to agree with plaintiff's contention. An affidavit or its equivalent by evidence showing accident, mistake or unforeseen cause and a prima facie meritorious defense are essential to the obtaining of relief of this kind. *Nelen* v. *Wells, supra; Roy* v. *Tanguay,* R. I., 131 A. 553. The affidavit hereinbefore quoted asserts

no such facts from which the trial justice could reasonably find that there was accident or mistake and that Blackstone had a meritorious defense to the *second* count. Such count alleged in substance that Fleetwood and Blackstone acted in concert in negotiating and executing this contract; that it was not fulfilled; and that therefore both defendants were jointly liable.

The statements by Blackstone's attorney to the trial justice were not based on the former's personal knowledge, did not show a prima facie meritorious defense, and were not agreed to by plaintiff. Moreover they are not in support of anything alleged in the motion. The sole ground asserted therein is that Blackstone had no notice of the motion for a *nil dicit* judgment. Counsel for Blackstone now admits that under the law it was not entitled to such notice. G. L. 1938, chap. 535, §1. Consequently even. if his statements are accepted, they are wholly at variance with the ground relied on in the motion. Further, no request was made to amend and no amended motion or affidavit was filed in the superior court or here.

The defendant Blackstone argues that in these matters the court is liberal in construing accident, mistake or unforeseen cause so as to give parties with honest claims and strong equities relief from the strict rules of law. *Colli* v. *Crown Piece Dye Works,* 55 R. I. 494. That statement of law was made in connection with the workmen's compensation act and is correct. But liberality may not be extended to the point of setting aside entirely the specific requirements of remedial statutes, at least where timely objection is made that the affidavit states only conclusions or opinions and no amended affidavit is filed, and where counsel has not stated facts of his personal knowledge which would constitute a prima facie defense to all counts.

Therefore assuming that Blackstone had sufficiently satisfied the discretion of the trial justice as to the existence of accident, mistake and unforeseen cause, we cannot find in

the record a proper statement of facts to show, for purposes of the motion, that it had a prima facie meritorious defense to all counts of the declaration.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings in accordance with this opinion.

BAKER, J., did not participate in the decision.

*Charles H. Drummey, Albert A. Nutini,* for plaintiff.

*William J. George,* for defendant Blackstone Finance, Inc.