ALEXANDER H. CARVALHO *vs.* WINNIE A. CARVALHO.

DECEMBER 30, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is a petition for an absolute divorce, alleging as grounds therefor extreme cruelty and continued drunkenness. It was heard, unanswered, by a family court justice, who entered a decision for the petitioner on the grounds alleged. The cause has been brought to this court by a bill of exceptions and claim of appeal, the respondent being uncertain as to the appropriate remedy.

The record discloses that the family court was established on June 3, 1961 by the adoption of P. L. 1961, chap. 73, now G. L. 1956, chap. 10 of title 8, as amended, but that the jurisdiction previously vested in the juvenile court was not transferred by said chap. 73 to the family court until September 1, 1961.

The record further establishes that on June 13, 1961, Alexander H. Carvalho brought the instant petition for divorce, returnable to the superior court on the first Monday in September 1961; that service was duly made on respondent and citation returned to the superior court on June 26, 1961; and that the papers in the cause were transferred at some time prior to September 1 to the family court.

It then appears that, respondent not having answered, after due notice a hearing was had on the unanswered petition in open court before a family court justice on January 11, 1962. At the close of the hearing he gave a decision from the bench granting petitioner an absolute divorce on the grounds alleged. A purported decree was entered pursuant thereto on January 15, 1962.

Thereafter, namely on July 9, 1962, within six months of said decision and purported decree, respondent filed a motion to vacate the decision and decree and reinstate the cause for hearing. The motion averred that since the petition was returnable to the superior court subsequent in time to the vesting of jurisdiction in the family court, respondent was misled into believing that no valid cause was pending against her and for that reason had refrained from entering an appearance or an answer. Within said motion there was contained a sworn statement that respondent had a meritorious defense, but no specific averment of such defense was set forth.

The petitioner demurred on the grounds that the motion failed to allege accident, mistake or unforeseen cause within the legal meaning thereof and that the affidavit of a meritorious defense was defective, lacking sufficiency in law. At a hearing thereon on November 16, 1962 the family court justice sustained the demurrer. He found that respondent had had ample time in which to make answer and had failed to show accident, mistake or unforeseen cause or to specifically set forth a meritorious defense.

The respondent thereupon gave notice of her intention to prosecute a bill of exceptions. The petitioner moved to dismiss on the ground that the proper remedy was by way of appeal and not by a bill of exceptions. The trial justice requested the parties to furnish briefs as to the proper appeal procedure and on February 21, 1963 granted petitioner's motion. To this decision respondent has prosecuted

both a bill of exceptions and a claim of appeal being, in these circumstances, understandably uncertain as to the proper procedure.

We have heretofore referred to the family court justice as having entered purported decrees following his several decisions for the reason that it is well established that following a decision on a petition for an absolute divorce *no* decree is in order for six months following the entry of the decision. *Smith* v. *Smith,* 50 R. I. 278. The references in some of our decisions to "decree nisi" or "interlocutory decree" are misnomers. They are not decrees within the true legal meaning but rather are recorded entries of the decision.

It is equally well established that the proper procedure by which to seek a review in this court from a decision on a petition for an absolute divorce is by way of a bill of exceptions and not by a claim of appeal. *Thrift* v. *Thrift,* 30 R. I. 357; *Scolardi* v. *Scolardi,* 42 R. I. 456; *Harrington* v. *Harrington,* 66 R. I. 363; and *Sullivan* v. *Sullivan,* 68 R. I. 25. The respondent's claim of appeal therefore is dismissed pro forma and we shall proceed to consider the several issues raised by her bill of exceptions.

The first exception is to the decision of the trial justice sustaining petitioner's motion to deny and dismiss her bill of exceptions to the decision sustaining petitioner's demurrer. This court held in *Johnston* v. *Johnston,* 37 R. I. 362, that when a petition or motion to vacate is filed within the six months' period which must intervene before a decree is in order, it becomes part of the pleadings in the original cause and that, as in the case of an appeal from the decision on the merits, the proper remedy for review of a decision on a petition to vacate is by way of a bill of exceptions. The respondent's first exception therefore is sustained, pro forma, however, for the reason that her second exception is to the decision sustaining petitioner's demurrer.

It is contended by respondent, in support of this exception, that it would appear from the language employed by the legislature that process issued after June 3, 1961 and made returnable to the superior court after September 1, 1961 was invalid if it related to the jurisdictional functions transferred from the superior court to the family court as of September 1, 1961. She goes so far as to argue that the general assembly may have intended a hiatus during that time intervening between the third day of June and the first day of September 1961.

If we are to assume that the phraseology adopted by the legislature is open to the charge of ambiguity, we cannot subscribe to a proposition which would cloak a co-ordinate branch of the state government with an attitude of complete indifference to the potential impairment of property rights or distressing domestic problems in which the state has always had an interest. Rather, in our judgment the issuance of a citation and the forwarding of the papers in the cause by the superior court to the family court was within the contemplation of the general assembly when it adopted the legislation in question.

More troublesome, however, is respondent's corollary proposition that, considering the cause to be one which seeks to dissolve the marital status and her determination to resist such an eventuality, implicit in her position that the petition and citation were illegal, the decision of the trial justice to refuse to open the case and afford her an opportunity to be heard was such an abuse of discretion as to constitute error.

The petitioner argues, however, that on the issues of a meritorious defense and accident, mistake or unforeseen cause, the trial justice did not err in exercising his discretion as he did. In support thereof he cites *McLeod* v. *Fleetwood Motor Sales Inc.*, 83 R. I. 447, and other cases of similar support wherein we held that in denying a motion to

vacate a default judgment the exercise of the trial justice's discretion would not be disturbed, absent a showing of a prima facie meritorious defense and accident, mistake or unforeseen cause as these terms have been construed.

He argues that these cases stand for the proposition that the mere assertion of a meritorious defense and accident resulting from one's negligence or mistake of law are insufficient to warrant relief. We are in accord with the principles enunciated in the cases relied upon by him, but they are readily distinguishable from the case at bar. In all the cases cited by petitioner relief was sought from a default judgment, whereas only a final decree, entered not sooner than six months after the decision on a petition for an absolute divorce, is equivalent to a final judgment. *Ward* v. *Ward,* 48 R. I. 60.

Here, relief was sought from a decision in an uncontested proceeding which sought to dissolve the bond of matrimony. That the state is an interested party to every proceeding for divorce is so thoroughly established as a matter of public policy as to require no citation of authority. It would seem, therefore, that in the circumstances here, the burden on a respondent should be something less exacting than one on whom judgment had been entered by default.

Indeed, in *Scolardi* v. *Scolardi, supra,* this court had occasion to consider an original petition for a new trial following a final decree in an uncontested cause. We denied the petition but observed at page 459: "After decision of the court granting the petition she had six months within which she might have moved the Superior Court to grant her a hearing on the divorce petition."

Subsequently, in *Bajakian* v. *Bajakian,* 57 R. I. 470, commenting at page 477 on the language quoted from *Scolardi,* this court observed, "In that case apparently this court was of the opinion that within the six months period before entry of final decree, the Superior Court, for sufficient cause

duly shown, had the power to give the respondent, who did not appear at the original hearing, an opportunity to present her defense." The *Bajakian* case, however, was not uncontested and partially for that reason we added: "Whether or not the court in the *Scolardi* case would have made the above-quoted statement if the case were contested does not appear and we shall not undertake at this time to make any observation in that respect."

In *Harrington* v. *Harrington, supra,* however, this court had occasion to review a decision wherein the trial justice did grant the respondent's motion to vacate a decision in an uncontested case. There, the motion was not accompanied by an affidavit of a meritorious defense, nor was any sworn testimony in lieu thereof introduced at the hearing. It would seem from a reading of that case that this court attributed material significance to the fact that in a suit for an absolute divorce the state has an interest in preserving the marital status. Moreover, the court, agreeing with the appellant that the jurisdiction of the trial justice to vacate the decision was founded on G. L. 1938, chap. 535, §2, now G. L. 1956, §9-21-2, examined the cases cited by the appellant and distinguished them from the case before it. These cases related to decisions based on the statutory provisions to which the instant petitioner refers. It is pertinent to observe that two of the three cases relied on by the appellant in the *Harrington* case are also cited by the instant petitioner.

It would seem, therefore, that the burden on one standing in the shoes of the instant respondent is something less than that which confronts a litigant seeking to set aside a default judgment. We do not say, however, that on a petition to vacate a decision granting an absolute divorce in an uncontested case the trial justice is without judicial discretion in the premises. Rather, we indicate only that such discretion should not necessarily be exercised adversely to

a petitioner because of a failure to show that which might be required in such cases as those to which we have been here referred.

We hold, therefore, that the trial justice should have afforded the respondent an opportunity to be heard, considering that in the instant cause she filed her motion within six months of the decision, advancing in defense of her failure to answer the certainly not frivolous contention that the language of P. L. 1961, chap. 73, indicated that no valid citation required her to answer.

The respondent's exceptions are sustained, and the cause is remanded to the family court for further proceedings.

### On Motion for Reargument.

#### JANUARY 17, 1964.

Per Curiam. After our opinion in the above case was filed, the petitioner asked and received permission to file a motion for reargument. Pursuant thereto he filed such a motion setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered these reasons and find that the language of this court on which they are based was taken from context. A reading of the opinion in its entirety suggests nothing which in the peculiar circumstances of this case warrants a reargument.

Motion denied.

*Kirshenbaum & Kirshenbaum, William Y. Chaika,* for petitioner.

*Joseph G. LeCount,* for respondent.